UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORID
PENSACOLA DIVISION

JOHN S. HAILE,
FDOC Inmate No. H44084,
    Plaintiff,

vs.                                      Case No.: 3:21cv357/LAC/EMT

ALLENDER, et al.,
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff John S. Haile, an inmate of the Florida Department of Corrections (FDOC) proceeding pro se, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also filed a motion to proceed in forma pauperis (IFP) with an attached copy of his FDOC inmate account statement (ECF No. 8).

The undersigned will first clarify Plaintiff's identity. In Plaintiff's Complaint, he identified himself as "J. Hail" and listed his FDOC inmate number as "011440" (ECF No. 1 at 2).[1] In the IFP motion submitted with the Complaint, Plaintiff identified himself as "J. Hail" and listed his inmate number as "0H440"

---

[1] According to the FDOC's Corrections Offender Network on its public website, there are no offender records that match this number.

(ECF No. 2 at 1). Plaintiff did not submit an inmate account statement with his IFP motion (*see id.*).

In Plaintiff's Amended Complaint, he identified himself as "J. L. Hail" and "Jonathon Livingstone Hail" (ECF No. 5 at 1–2). On the envelope in which he sent his Amended Complaint, he listed his inmate number as "0H4[or 9]408" (*id.* at 6). Plaintiff filed a second IFP motion in which he identified himself as "J.L. Hail," but he did not provide an inmate number or an inmate account statement (*see* ECF No. 6).

In Plaintiff's third IFP motion, he again identified himself as "J. Hail," and he listed his inmate number as "0H690" (ECF No. 8 at 4). Plaintiff provided his inmate account statement, but he redacted his inmate number (*id.* at 5). The account statement shows, however, that funds are being deducted for payment of the federal filing fee in Case No. 3:17cv1084/MMH/JBT (*see id.*). Review of the docket of that case on the Public Access to Court Electronic Records system (PACER) shows that the plaintiff was John Sanders Haile, FDOC Inmate number H44084. It is thus clear that Plaintiff's name is John S. Haile, and his FDOC inmate number is H44084. The court will direct the clerk to modify the docket to reflect Plaintiff's true identity.

Having determining Plaintiff's identity, the court reviewed his litigation history and determined that he is prohibited from proceeding IFP, pursuant to 28 U.S.C. § 1915(g). Therefore, the court recommends that this case be dismissed without prejudice for Plaintiff's failure to pay the filing fee at the time he initiated this lawsuit.[2]

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding IFP if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[2] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Case No.: 3:21cv357/LAC/EMT

A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). As previously discussed, the only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

As previously stated, Plaintiff was a prisoner when he commenced this case on February 22, 2021 (*see* ECF No. 1 at 11–12). Nearly three years ago, on May 21, 2018, Plaintiff filed *Haile v. Am. Civil Liberties Union, et al.*, No. 3:18cv1377/MCR/CJK, Complaint, ECF No. 1 (N.D. Fla. May 25, 2018). Plaintiff signed the complaint as "John Jay Justus Christian" and provided two inmate numbers—"0H448" and "H4408." *See id.* Plaintiff filed an IFP motion in which he identified himself as "Hail S.O. Sanders, FKA John S. Haile" and provided an

inmate number 0H44084.  *See id.*, Motion, ECF No. 4 (N.D. Fla. June 29, 2018). The court dismissed the case on August 13, 2018, pursuant to 28 U.S.C. § 1915(g), based on Plaintiff's status as a "three-striker," and 28 U.S.C. § 1915A, as malicious, due to Plaintiff's failure to disclose his litigation history.  *See id.*, Report and Recommendation, ECF No. 5 (N.D. Fla. July 6, 2018), Order Adopting Report and Recommendation, ECF No. 6 (N.D. Fla. Aug. 13, 2018).   In finding that Plaintiff was a three-striker, the court cited the following three cases, of which the court takes judicial notice:  *John Jay Haile, Sr. v. Bombulie*, No. 2:17cv14332-RLR  (S.D. Fla. Oct. 25, 2017) (dismissing plaintiff's civil rights action under § 1915(e)(2)(B)(ii) as frivolous and for failure to state a claim on which relief may be granted); *John Sanders Haile v. Lamborghini*, No. 2:17cv14349-RLR (S.D. Fla. Nov. 18, 2017) (same); *John Jay Halie, Sr. v. Flonnery*, No. 6:16cv1645-GKS-KRS (M.D. Fla. Sept. 27, 2016) (dismissing plaintiff's civil rights action as frivolous). *See id.*, Report and Recommendation, ECF No. 5 (N.D. Fla. July 6, 2018).   The court explained that the "cases [could] be positively identified as having been filed by plaintiff, because they bear his name (or close variation) and Florida Department of Corrections' DC# H44084."  *Id.*

Because Plaintiff had at least three strikes when he commenced this case, he may not litigate this case in forma pauperis unless he demonstrates that he is "under

imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. To fall within this exception, Plaintiff's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that a plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury . . . ."); *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (holding that vague allegations of harm and unspecific references to injury are insufficient).

A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception is not triggered where the threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his civil rights complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where

"time is pressing," and "a threat . . . is real and proximate."). "Imminent danger" is assessed not at the time of the alleged incident, but at the time the complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3d Cir. 2001).

Plaintiff filed his Complaint in this case from Santa Rosa Correctional Institution on February 22, 2021 (*see* ECF No. 1). His complaint included the following factual allegations:

1. I have been a victim of unjust enforcement, excessive use of force and P.R.E.A. violations from October 12, 2017 through February 21, 2021 by guards . . . at [Santa Rosa Correctional Institution] 5850 E. Milton Rd., Milton, Florida 32583.

2. From 1-28-20 through October 29, 2020, I was also a victim of the same offenses at NWFRC, 4455 Sam Mitchell Drive, Chipley, Florida.

3. On July 12, 2018, I was a victim of [prison officials] at SARCI, 5850 E. Milton Blvd., Milton, Florida 32583-7914.

4. From July 13, 2018 through August 2, 2018, I was a victim of the above officers [or offenses] at Highlands County Detention Facility, Sebring, Florida.

5. And at Sebring-Lake Placid, I was a victim from January 31, 2013 through February 7, 2013.

6. Policy benefits from insurance companies are due from 4/2/2007 through July 26, 2021. All conditions precedent have been satisfied.

(ECF No. 1 at 6). In the Statement of Claims section of the Complaint, Plaintiff listed, "P.R.E.A., A.D.A., H.I.P.P.A., F.S.S., F.A.C" (*id.* at 7). He also asserted, "I am vulnerable to imminent physical and sexual abuse" (*id.*). As relief, Plaintiff requested monetary damages (*id.*).

Plaintiff filed an Amended Complaint from Lake Correctional Institution (*see* ECF No. 5). His Amended Complaint does not include any factual allegations, but it asserts the following claims:

1. I was unjustly prosecuted, with ineffective trial and appellate counsel with resulting injuries (permanent) of total loss of vision, hearing, and mobility. 1-5-2015.

2. Ins. benefits from A.B.E., N.Y. Life Ins. Col., Lawyer's Protector Plan, Progressive, State Farm Ins. Co. and Progressive Comm'l Ins. Co. have not been paid, nor have disability benefits.

3. Depart. of C. has employed unjust enforcement, excessive force and negligent uses of physical, mental, psychological and chemical forces illegally.

4. The U.S. Depart. of Justice Civil Rights Section, Disability Division, DRF, FJE, et al., and Morgan & Morgan P.A. have received over $2,000,000.00 by [undecipherable]

5. Medical provider and attorneys have committed malpractice, negligence, gross negligence, and Plaintiff is overdue lost wages based on 2007 Form 1040, et al.

6. Defendants have violated P.R.E.A., DOC Pro. 603, F.S.S., F.A.C., HIPPA, ADA, et al.

(ECF No. 5 at 5) (verbatim).  Plaintiff requests monetary damages and various forms of injunctive relief (including, enjoining the FDOC from "further spoilation [sic] of evidence," placing him and his family members in a witness protection program, requiring the FDOC to transfer him to a hospital, and requiring the FDOC to release him on a "medical release") (*id.*).

Plaintiff's allegations are not grounded in specific facts and instead are simply vague, general allegations of wrongs he has suffered from various persons and entities over the past several years.  His allegations do not make a colorable showing that he was under present imminent danger of serious physical injury when he commenced this case; therefore, they are insufficient to invoke the "imminent danger" exception to § 1915(g).  Because Plaintiff is barred from proceeding IFP and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed without prejudice under § 1915(g).  *See Dupree*, 284 F.3d at 1236.

This action is also subject to dismissal on the ground that it is malicious. Because Plaintiff is a prisoner, the court must review the complaint and dismiss it if satisfied the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure

of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915A(b)(1). *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g., Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process warranted where inmate failed to disclose case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process warranted where inmate made no attempt to disclose prior cases in original or amended complaint); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process warranted where plaintiff failed to disclose existence of one prior case and disclosed existence of another prior case but failed to disclose it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district

court while a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, as prisoner's misrepresentation was not excused by explanation that he misunderstood the complaint form on which he represented, under penalty of perjury, that he had not filed any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of confinement); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions, finding that even if prisoner did not have access to his legal materials, he would have known that he had filed multiple previous lawsuits); *Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit sua sponte for not disclosing all information known to him regarding prior cases even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form

regarding prior lawsuits not an abuse of discretion even though inmate conceded in objections to magistrate judge's report and recommendation that his disclosures were incomplete, finding that to allow inmate to continue with suit would have served to overlook his abuse of the judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).

Having conducted a thorough review, the court is satisfied that the instant action is malicious and thus recommends dismissal under 28 U.S.C. § 1915A(b)(1). The complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 8–11; ECF No. 5 at 3–4). The form asks Plaintiff whether he ever had any case dismissed as frivolous, malicious, failure to state a claim, prior to service, or for a reason listed in § 1915(g) which counts as a "strike" (ECF No. 1 at 9; ECF No. 5 at 4). Plaintiff responded "No" to these questions and disclosed no cases (*id.*). The complaint form warns Plaintiff that his failure to disclose all prior cases may result in the dismissal of this case (ECF

No. 1 at 11; ECF No. 5 at 3). Plaintiff signed the complaint after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct" (ECF No. 1 at 11–12).

As routinely recognized by this court, the information regarding a prisoner plaintiff's litigation history is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the disposition of those cases, can be considerable.

The court takes judicial notice that prior to commencing this action on February 22, 2021, Plaintiff had filed the cases referenced above—and quite

possibly more. Plaintiff did not disclose any of those cases despite the complaint form's clear instruction that he do so.

The court has authority to control and manage matters such as this case pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as set forth above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of all prior actions was required and that dismissal of this action may result from untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form, as demonstrated by Plaintiff's repeated efforts in that regard. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished, particularly considering his pattern of providing false and misleading information about his identity.

Case No.: 3:21cv357/LAC/EMT

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. *See Rivera*, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); *Spires*, Case No. 3:00cv249/RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). Plaintiff also should be warned that such false responses, particularly when coupled with what appears to be a deliberate attempt to mislead this court and evade the applicable rules and law, will not be ignored and may result in more severe and long-term sanctions, including an order prohibiting him from proceeding pro se in this court. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is **ORDERED**:

The clerk of court is directed to modify the docket to reflect that Plaintiff's name is John S. Haile, a/k/a J. Hail, and his FDOC inmate number is H44084.

And for the reasons stated herein, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he initiated this action, and pursuant to 28 U.S.C. § 1915A(b)(1) as malicious, based upon his knowingly providing false and misleading information to the court.

2. That all pending motions be **DENIED** as moot.

3. That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 24th day of May 2021.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** See **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:21cv357/LAC/EMT